Circuit Court of Ashland County.

IN RE ESTATE OF WM. F. HESS, DECEASED.

Decided, March 22, 1911.

*Estates of Decedents—Sale of Property to Pay Debts—Allowance to Widow out of Proceeds—Exception thereto Does not Lie at the Filing of her Account.*

Allowances to a widow made in a proceeding to sell real estate belonging to her deceased husband to pay debts, to which no error was prosecuted or appeal taken, can not be collaterally attacked by exception to her account as administratrix of the said estate.

*McCray & McCray,* for Nettie Kopp, executrix.
*Chapman & Taggart,* for administratrix.

VOORHEES, J.; SHIELDS, J., and POWELL, J., concur.

On or about February 1, 1910, Lydian Hess, as administratrix of the estate of William F. Hess, deceased, commenced a proceeding in the probate court of this county to sell certain real estate for the payment of debts of said estate, in which proceeding Lydian Hess, James Hess, Roy Hess, Cora Switzer, Nettie Kopp and Christian V. Kagey were made parties defendant.

In this proceeding the said Lydian Hess filed an answer and cross-petition as the widow of said decedent, claiming dower and allowance in lieu of homestead, and setting up her claim to be allowed a lien upon the real estate of said decedent, in the sum of $600 for moneys alleged to have been loaned by her to her husband, William F. Hess, in his lifetime.

Christian V. Kagey, one of the defendants, filed an answer and cross-petition, setting up his certain mortgage for $1,500 with interest from October 1, 1909, upon said real estate.

Such proceedings were had in said court, as that the said real estate was ordered to be sold, by said court, and a finding was made by said court, in favor of Christian V. Kagey, for the

amount of his said mortgage, and said sum of $600 was found to be due the said Lydian Hess from said estate, on account of moneys loaned to her said husband, William F. Hess, during his lifetime, and the same was declared a lien on said decedent's real estate; that the said Lydian Hess was entitled to be paid the sum of $500 for allowance in lieu of a homestead, and that the sale of said real estate was necessary to pay the debts of said estate.

Now, pending these findings, no error was prosecuted or appeal taken, but said findings remain unreversed, and in full force, but when said administratrix filed her account in said probate court, taking credit for said sums so allowed to her, as aforesaid, exceptions were filed to her account, which exceptions were overruled.

Thereupon an appeal was taken to the court of common pleas, and the court of common pleas affirmed the finding of the probate court, and error is prosecuted to this court to reverse the judgment of said courts.

We hold that said finding and judgment of the probate court upon said claims was final, and can not be collaterally attacked by exceptions to the account, after said allowance is made. Therefore, we are of the opinion that the judgments of the probate court and the common pleas court are affirmed with costs, and the said cause remanded to the probate court for execution.